**GRESHAM v. BRANSCOME.**

No. 4807.

Circuit Court of Appeals, Fourth Circuit.

June 16, 1941.

Fred B. Gentry, of Roanoke, Va. (John W. Caffey, of Greensboro, N. C., on the brief), for appellant.

T. X. Parsons, of Roanoke, Va. (H. P. Burnett, of Galax, Va., and Wm. D. Staples, of Roanoke, Va., on the brief), for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

## PER CURIAM.

The District Judge directed a verdict and entered a judgment for the defendant in this case of an automobile collision, at the conclusion of the plaintiff's evidence, and the plaintiff has appealed. The facts are within a narrow compass, and clearly show such contributory negligence on the part of the plaintiff that the judgment must be affirmed.

According to his own story, the plaintiff, an electrical engineer, was driving his Ford passenger automobile in Wythe County, Virginia, along a country roadway 18 to 20 feet wide at about 12:45 P. M. on a bright clear day in October, 1939, and came into collision with defendant's Chevrolet 1½ ton truck in the center of a culvert in the roadway, and as the result, suffered serious injury to his left arm. The culvert was 8 feet in length and 14 feet in width. The plaintiff's car was 5 feet 11 inches wide and the defendant's truck was 7 feet 1 inch wide, so that there was barely enough room for vehicles to cross on the bridge or culvert, even if driven with extreme care.

The plaintiff first saw the truck approaching on the highway in an opposite direction when it was about 400 or 500 yards distant. As the plaintiff approached the culvert, he passed on his right hand side a sign 180 feet from the culvert containing the words "narrow bridge"; but the plaintiff said that he did not observe the sign and though the pictures indicate that the sign was visible, there was some testimony that at that particular time of day it was somewhat shaded by the foliage of nearby trees. The plaintiff, however, noticed the culvert when he was about 150 feet therefrom, as there were white posts placed on the sides of the road near the culvert, which drew attention to it and to the parapets which guarded it. At that time the plaintiff was on his right hand side of the road and was travelling from 40 to 45 miles per hour; and the truck was approximately the same distance from the bridge on the other side and was making approximately the same speed. When the plaintiff noticed the white posts beside the culvert, he slowed down to a speed of 25 to 30 miles an hour, and the driver of the truck did the same. The vehicles met at or about the center of the 8 foot space and the left hand front corner of the body of the truck came in contact with the left hand fender and corner of the windshield of the automobile, damaging the plaintiff's car and inflicting painful injuries upon him. At the time of the collision the plaintiff's car was to the right of the center of the road, while the defendant's car must have projected to some extent over the center of the road as it was 1 inch wider than one-half the width of the road, and necessarily must have allowed some space between its right side and the parapet of the bridge.

Upon these facts, the District Judge was of the opinion that both parties to the case were negligent, and that neither could recover against the other. Both drivers approached the culvert, which was plainly visible to them, at a speed that was excessive in view of the narrowness of the way, and recklessly took a chance of a safe passing. While the width of the truck made it especially incumbent upon its driver to use great care in passing through the narrow space, and he was clearly negligent in attempting to pass the Ford car upon the bridge, the danger of the maneuver was also quite obvious to the plaintiff and his contributory negligence was established beyond any doubt by his own testimony. Very clearly he either knew or should have known that he was taking a dangerous chance and deliberately elected to take this chance.

Affirmed.